**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*Class and Subclass*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN R. CLARK, Individually and on Behalf of All Putative Class Members,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**COOPERFRIEDMAN ELECTRIC SUPPLY CO., INC. D/B/A COOPER POWER SYSTEMS and COOPER ELECTRIC SUPPLY CO., Jointly and Severally,**<br><br>**Defendant.** | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

John R. Clark (the "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former generator maintenance technician who worked for Defendants' electrical distribution and contracting company performing maintenance, repair, servicing, testing and replacement duties on commercial generators and generator components.

1

2.      Throughout the relevant time period, Plaintiff and Defendants' other generator maintenance technicians worked on public and private projects throughout New York and New Jersey. For their generator maintenance work on publicly-funded projects, Plaintiff and Defendants' other generator maintenance technicians were paid at an hourly rate that did not include prevailing wages or supplemental benefits applicable to their work.

3.      Plaintiff seeks to recover unpaid prevailing wages, daily overtime, and supplemental benefits which he and Defendants' other employees performing generator maintenance were entitled to receive for work they performed pursuant to contracts entered into between Defendants and New York State, City and/or local agencies or municipalities, including for work on public schools, homeless shelters, correctional facilities, fire departments, police stations, among other public buildings and facilities.

4.      In addition, despite being a "manual worker," Defendants have failed to properly pay Plaintiff and their other manual workers wages within seven (7) calendar days after the end of the week in which such wages were earned, in violation of New York Labor Law ("NYLL"), Article 6, § 191.

5.      Plaintiff therefore brings a claim for untimely wage payments pursuant to NYLL § 191 on behalf of himself and Federal Rule of Civil Procedure 23 ("Rule 23") class of all employees of Defendants performing manual work in New York during the six (6)-year, plus 228-day COVID-19 tolling, period preceding the filing of this action (the "Class Period").

6.      Plaintiff brings his unpaid prevailing wage claims (i.e., breach of contract and quasi-contract) on behalf of himself and a Rule 23 sub-class of all employees of Defendants performing generator service, maintenance and repair work on public works projects in New York State during the Class Period.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendants because Defendants operate and conducts business in New York, as well as the State of New Jersey.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the matter in controversy well exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. (*See infra* ¶¶ 12, 23, 25, 28, 29).

9.     This Court also has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and Defendants conduct business in this District through contracts with New York City agencies and through maintaining a branch of their business in New York County.

11.     On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On

April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## THE PARTIES

**Plaintiff:**

12.    Plaintiff John Clark ("Clark") was, at all relevant times, an adult individual residing in Nassau County, New York.

13.    Plaintiff was employed by Defendants from approximately December 18, 2018 until approximately September 30, 2022 as a generator maintenance technician.

14.    During Plaintiff's employment with Defendants, nearly all of his duties were physical tasks.

15.    As a generator technician, Plaintiff's duties included, but were not limited to: changing the oil or radiator fluid in generator engines, cleaning generator components, replacing filters, repairing and replacing generator components, inspecting generators, performing generator load tests, testing and repairing automatic transfer switches, maintaining generator cooling

systems, taking oil and coolant samples and tightening generator belts and rings.

16.     For his work, Plaintiff was paid on an hourly basis, starting at approximately $36.50 per hour, which was raised to $37.50 after approximately one (1) year of employment with Defendants, and raised again to $38.50 during approximately his final year of employment with Defendants.  Plaintiff did not receive health insurance or other fringe benefits from Defendants.

17.     Throughout his employment with Defendants, Plaintiff typically worked five (5) days per week, shifts of between eight (8) and ten (10) hours per day, for a total of approximately forty (40) to fifty (50) hours each week.

18.     Throughout his employment with Defendants, Plaintiff was paid his wages every other week, rather than weekly.

19.     Thus, for half of each bi-weekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and therefore he could not invest, earn interest on, or otherwise use these monies that was rightfully his.

20.     Throughout the relevant time period, Plaintiff performed work for Defendants on various private and public projects, including public buildings and facilities in New York County, Kings County, Bronx County, Nassau County, Suffolk County, and in various locations in New Jersey.

21.     Upon information and belief, Plaintiff regularly performed work on prevailing wage jobs, at least once per week throughout his employment with Defendants, including both scheduled maintenance and service calls.

22.     Plaintiff and members of the putative classes are each an "employee", as defined by NYLL § 190(2), and a "manual worker", as defined by NYLL § 190(4).

**Defendants:**

23.     Defendant CooperFriedman Electric Supply Co., Inc. is an active foreign corporation incorporated in the State of New Jersey doing business as "Cooper Power Systems" ("CooperFriedman").

24.     Upon information and belief, CooperFriedman also does business under the trade name of "Cooper Electric."

25.     Defendant Cooper Electric Supply Co. is an active foreign corporation incorporated in the State of New Jersey.

26.     Defendants CooperFriedman and Cooper Electric Supply Co. are hereinafter referred to collectively as "Cooper Electric" or the "Defendants."

27.     Upon information and belief, CooperFriedman and Cooper Electric Supply Co. are wholly-owned subsidiaries of Sonepar Management US, Inc. d/b/a Sonepar USA.

28.     At all relevant times, CooperFriedman has maintained a principal place of business located at 315 Cranbury Half Acre Road, Cranbury, New Jersey 08512.

29.     At all relevant times, Cooper Electric Supply Co. has maintained a principal place of business located at 1 Matrix Drive, Monroe, NJ 08831.

30.     At all relevant times, Defendants also maintained satellite offices, warehouses and retail stores throughout New Jersey, Pennsylvania, and in the following counties in New York State: New York County, Queens County, Nassau County, Suffolk County, Westchester County, Orange County, Onondaga County, Tompkins County, and Broome County.

31.     At all relevant times, Cooper Electric has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

32.     At all relevant times, the Defendants' operations have been interrelated and unified and Defendants utilize the corporate entities and trade names interchangeably when contracting with public entities.

33.     At all relevant times, Defendants have been owned, operated, and managed by the same individuals or entities at the same corporate office, utilizing the same corporate pay practices, including those complained of herein.

34.     At all relevant times, Defendants have been joint employers of Plaintiff and the Class and Subclass Members.

35.     At all relevant times, Plaintiff and the Class and Subclass Members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

## CLASS ACTION ALLEGATIONS

**Untimely Wage Payment Class**

36.     Plaintiff brings his First Cause of Action, for violation of the NYLL, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following class:

> All persons employed by Defendants at any time since January 16, 2017 through the date of final judgment in this matter (the "Class Period") who work or have worked as generator technicians, warehouse associates, drivers, counter sales representatives, and/or engineers in New York State (the "Class" or "Class Members").

**Unpaid Prevailing Wage Subclass**

37.     Plaintiff brings his Second and Third Causes of Action for violations of New York common law, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following sub-class:

> All persons employed by Defendants at any time during the Class Period who work or have worked as generator technicians or in other positions whereby they perform maintenance, repair and replacement of commercial generators, automatic transfer switches

7

and/or paralleling switchgear on public works projects and/or public facilities in New York State (the "Subclass" or "Subclass Members").

38.     <u>The Class and Subclass Members are readily ascertainable</u>. The number and identity of the Class and Subclass Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

39.     <u>The Class and Subclass Members are so numerous that joinder of all members is impracticable</u>.

40.     Upon information and belief, there are in excess of one hundred (100) Class Members and in excess of fifty (50) Subclass Members.

41.     <u>The questions of law and fact common to the Class and Subclass predominate over any questions solely affecting the individual members of the Class and Subclass</u>. These common questions with respect to the Class include, but are not limited to:

      a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

      b.  whether Defendants correctly compensated Plaintiff and the Class Members on a timely basis;

      c.  whether Plaintiff and Class Members were "manual workers" within the definition of the NYLL;

      d.  whether Defendants' failure to properly and timely pay Plaintiff and the Class Members violated NYLL § 191; and

      e.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and

disbursements and attorneys' fees.

These common questions with respect to the Subclass include, but are not limited to:

     a.   whether Defendants breached contracts or agreements with local, state and/or other governmental agencies or entities by failing to pay Plaintiff and Subclass Members, who were third-party beneficiaries of such contracts and agreements, at the applicable New York State prevailing wage rates;

     b.   whether Defendants failed and/or refused to pay Plaintiff and Subclass Members overtime premiums at the applicable prevailing wage overtime rates for all hours worked on prevailing wage projects in excess of eight (8) hours per day and forty (40) hours per workweek;

     c.   whether Defendants failed and/or refused to pay Plaintiff and Subclass Members supplemental benefits on prevailing wage jobs as required by the New York State and New York City prevailing wage schedules;

     d.   whether Defendants were unjustly enriched by failing to pay Plaintiff and Subclass Members at prevailing wage rates on prevailing wage jobs;

     e.   whether Defendants are liable for all damages claimed herein, including but not limited to, compensatory damages and interest.

42.    <u>Plaintiff's claims are typical of the Class and Subclass Members' claims</u>. Plaintiff, like all Class Members, was a manual worker of Defendants who worked for Defendants pursuant their corporate policies and did not receive timely payment of his wages but instead was paid on a bi-weekly pay cycle. Plaintiff, like all Subclass Members, performed maintenance and repair on generators and generator equipment on public works projects but was not paid at least the prevailing wage and supplemental benefits applicable to his work. If Defendants are liable to

Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class and Subclass Members.

43.    Plaintiff and his Counsel will fairly and adequately represent the Class and Subclass. There are no conflicts between Plaintiff and the Class or Subclass Members, and Plaintiff brings this lawsuit out of a desire to help all Class and Subclass Members, not merely out of a desire to recover his own damages.

44.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class and Subclass Members.

45.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46.    Defendants are sophisticated corporations with substantial resources. The individual plaintiff and Class and Subclass Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  The individual members of the Class and Subclass have no interest or capacity to bring separate actions; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action. Plaintiff is unaware of any other currently pending litigation concerning this controversy.

## ADDITIONAL FACTUAL ALLEGATIONS

**A.    Plaintiff and Class Members Are Manual Workers Entitled to be Paid Weekly.**

47.    Throughout the relevant time period, Defendants maintained a corporate policy of paying its hourly maintenance, repair, warehouse, and retail employees on a bi-weekly basis, without regard for whether these employees were "manual workers" as defined by New York law.

48.    Defendants' job description for various hourly positions, including those held by Plaintiff and Class Members, highlights their manual nature. *E.g.*, Kohler Generator Technician

("Provide mechanical and electrical repairs of power generation systems. Performing [sic] scheduled service and troubleshooting tasks on customer generators…"); Warehouse Associate ("Utilize radio frequency (RF) guns to pull product from goods-to-person or from pallet areas to fulfill customer orders…"); Warehouse/Driver/Counter ("Utilize customer tickets to pull orders accurately and timely. Accurately check and receive inbound products and confirm the shipment is consistent with the purchase order. Utilize Company vehicle to make deliveries according to manifest…"); Counter Sales Representative ("Greet walk-in customer and assist with order and product selection. Enter sales orders and pick items from warehouse inventory. Prepare customer sales ticket and collect customer payment…")[1].

49.      Despite regularly spending more than twenty-five percent (25%) of their shift performing these physical tasks, Plaintiff and Class Members have been compensated by Defendants on a bi-weekly, rather than weekly basis, during the entirety of their employment with Defendants and were therefore underpaid.

50.      Thus, for half of each bi-weekly pay period, Plaintiff and Class Members were injured in that they were temporarily deprived of money owed to them, and they could not invest, earn interest on, or otherwise use these monies that were rightfully theirs.

51.      Accordingly, every day that said money was not paid to them in a timely fashion, Plaintiff and Class Members lost the time value of that money and were underpaid.

52.      Upon information and belief, Defendants maintain approximately twenty-two (22) branch locations in the State of New York, where Defendants employ various hourly manual worker employees, including Class Members.

53.      New York Law requires that companies pay their manual workers on a weekly basis

---

[1] These descriptions are listed for various available positions in New York on Defendants' website at: https://careers.sonepar-us.com/cooper/us/en/search-results?s=1 (last visited August 31, 2023).

unless they qualify for and receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor ("NYS DOL") Commissioner. *See* NYLL § 191(a).

54.    Upon information and belief, Defendants do not qualify for such authorization based on the number of individuals it employs. Regardless, Defendants have not received authorization from the NYS DOL Commissioner to pay its manual workers on a bi-weekly basis. *See*    https://dol.ny.gov/system/files/documents/2023/06/employers-authorized-to-pay-manual-employees-on-a-biweekly-basis.pdf (last visited August 31, 2023).

55.    Defendants' failure to pay Plaintiff and Class Members on a weekly basis therefore violated Plaintiff and Class Members' right to weekly payment of their wages, resulting in unpaid wages, in violation of NYLL § 191.

**B.    Plaintiff and Subclass Members Are Entitled to Prevailing Wages.**

56.    During the relevant time period, Defendants entered into public works contracts as prime and/or sub-contractors with public entities to provide maintenance, servicing, repair and replacement work on generators, automatic transfer switches and related equipment on governmental projects and at government-funded buildings and facilities within the State of New York, including but not limited to: New York City Housing Authority, New York City Department of Homeless Services,  New York City Department of Environmental Protection, Nassau County Correctional Facility, Sachem Central School District, City of Glen Cove, William Floyd Union Free School District, multiple Boards of Cooperative Educational Services (BOCES) throughout New York State, and many others, all of which required that laborers, workmen and mechanics working on the generators and related equipment, including Plaintiff and the Subclass Members, be paid prevailing wages (the "Public Works Contracts").

57.    The Public Works Contracts obligated Defendants to pay Plaintiff and the Subclass

Members at or above the local prevailing wage rates, including any required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per week and eight (8) hours per day. In particular, upon information and belief, the Public Works Contracts specifically referenced the prevailing wage requirements of NYLL, Article 8, § 220 and mandated that "prevailing wage must be paid to all persons employed in the performance of this contract."

58.    Defendants' failure to pay Plaintiff and Subclass Members proper prevailing wage rates, supplemental benefits and overtime premiums was a corporate policy that also applied to all of the Defendants' other similarly situated employees working on public works projects.

59.    As required by law, a schedule containing the prevailing rates of wages and supplemental benefits ("prevailing wage schedules") to be paid to the Plaintiff and Subclass Members should have been annexed to and formed a part of the Public Works Contracts. If not annexed to the Public Works Contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

60.    The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate stated in the Public Works Contracts was made for the benefit of all workers furnishing labor on those public projects and, as such, the workers furnishing labor on those public projects are the beneficiaries of that promise and the contracts entered into between Defendant and government entities.

61.    According to the NYS DOL, "maintenance work involving the employment of laborers, workers or mechanics is subject to Article 8." https://dol.ny.gov/article-8-frequently-asked-questions. (last visited August 31, 2023). As relevant here, the NYS DOL provides that "[m]aintenance and repair to mechanical systems, which involves the employment of laborers, workers and mechanics is subject to Article 8 prevailing rates, i.e., electrical, heating and plumbing

systems." https://dol.ny.gov/article-9-frequently-asked-questions (last visited August 31, 2023).

62.    Although the prevailing wage rates applicable to the work performed by Plaintiff and Subclass Members pursuant to the Public Works Contracts varied by county and by year, depending on where and when the work was performed, all such prevailing wage rates well-exceeded the rates paid by Defendants to Plaintiff and Subclass Members throughout the Class Period.  By way of example, the prevailing wage rate for the trade classification "Operating Engineer – Building" which specifically includes "Generator" as well as "Maintenance Engineer" within the description for "Class D," for the time period July 1, 2018 through June 30, 2019 (i.e., when Plaintiff starting working with Defendants), in Nassau and Suffolk counties, was a total of $80.78 per hour, including a base rate of $42.98 per hour and a supplemental benefit rate of $37.80 per hour[2].

63.    Plaintiff and, upon information and belief, all other Subclass Members, were paid by Defendants at least $40.00 per hour less than the rate of wages and benefits to which they were contractually and statutorily entitled.

## FIRST CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES
### (Brought on Behalf of Plaintiff and the Class Members)

64.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.    The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

---

[2] The NYS DOL Article 8 prevailing wage schedules for each county and each year during the Class Period are available on the NYS DOL website: https://dol.ny.gov/public-work-archived-wage-schedules?f%5B0%5D=filter_term%3A941 (last visited August 31, 2023).

66.    Defendants failed to pay Plaintiff and the Class Members on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the Class Members suffering a concrete injury by being underpaid.

67.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest, as provided for by NYLL § 198.

**SECOND CAUSE OF ACTION**
**<u>BREACH OF CONTRACT</u>**
**(Brought on Behalf of Plaintiff and Subclass Members)**

68.    Plaintiff, on behalf of himself and the Subclass Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.    Upon information and belief, the Public Works Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits or reference to the NYLL provisions governing payment of prevailing wages (*i.e.*, NYLL, Art. 8, § 220), to be paid to the laborers, workmen, and mechanics performing work pursuant to such contracts, including Plaintiff and Subclass Members.

70.    Those prevailing rates of wages and supplemental benefits were made part of the Public Works Contracts for the benefit of the Plaintiff and Subclass Members and the other employees performing work pursuant to such contracts. In the event that the contracts or agreements entered into failed to explicitly contain prevailing wage schedules, the prevailing wage requirements were supplemented as a matter of law, requiring Defendant to pay the Plaintiff and

Subclass Members prevailing wages, daily/weekly overtime and supplemental benefits for all work performed which was publicly funded.

71.    Defendants' failure to pay Plaintiff and Subclass Members at the correct prevailing wage rates for straight time, overtime, and supplemental benefits for work performed on Public Works Projects constituted a material breach of the contracts entered into directly or indirectly between Defendants and certain public entities.

72.    As a result of Defendants' failure to pay Plaintiff and Subclass Members at prevailing wage rates, they are entitled to relief from Defendant for breach of contract pursuant to New York common law.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT & QUANTUM MERUIT**
**(Pled In the Alternative)**
**(Brought on Behalf of Plaintiff and the Subclass Members)**

73.    Plaintiff, on behalf of himself and the Subclass Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.    Based on Defendants' failure to pay Plaintiff and the Subclass Members the appropriate prevailing wage rates for work on public works projects, Defendants were unjustly enriched at the expense of Plaintiff and the Subclass Members.

75.    Equity and good conscience require that Defendants pay restitution to Plaintiff and the Subclass Members.

76.    Upon information and belief, when Defendants entered into the public works contracts, they agreed to pay the required prevailing wages, overtime, shift-differential and holiday premiums, and supplemental benefit rates of pay to Plaintiff and other employees who performed work pursuant to the contracts.

77.    Plaintiff and the Subclass Members provided valuable services to Defendants performing prevailing wage jobs for which Plaintiff and the Subclass Members expected compensation. Defendants knowingly accepted such services yet failed to pay Plaintiff and the Subclass Members the reasonable value of such services as defined by the New York State and New York City prevailing wage schedules.

78.    As a result of Defendants' failure to pay Plaintiff and the Subclass Members at prevailing wage rates on prevailing wage jobs and Defendants' corresponding unjust enrichment, Plaintiff and the Subclass Members are entitled to relief from Defendants under New York's common law of unjust enrichment.

79.    As a result of Defendants' failure to pay Plaintiff and the Subclass Members the reasonable value of the valuable services they rendered, Plaintiff and the Subclass Members are entitled to relief from Defendants under New York's common law of *quantum meruit*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Class and Subclass Members, respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class and Subclass Members and appointing Plaintiff and his counsel to represent the Class and Subclass;

b.    An order tolling the statute of limitations;

c.    A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

d.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.  An award of liquidated damages to Plaintiff and Class Members as a result of the Defendants' willful failure to timely pay wages pursuant to the NYLL and supporting regulations;

f.  An award of monetary damages from all Defendants to be proven at trial for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiff and Subclass Members;

g.  An award of prejudgment and post-judgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        September 1, 2023

Respectfully submitted,
**PELTON GRAHAM LLC**

By: _____
Taylor B. Graham (TG 9607)
graham@peltongraham.com
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative Class and Subclass*