UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                       :

JOHN R. CLARK, individually and on behalf of   :
all putative class members,                                      :
                                                      :
                        Plaintiff,             :
                                                      :
                          -v-                        :               23 Civ. 7806 (JPC)
                                                      :
COOPERFRIEDMAN ELECTRIC SUPPLY      :    ORDER GRANTING PRELIMINARY
CO., INC. D/B/A COOPER POWER SYSTEMS  :    APPROVAL OF CLASS SETTLEMENT
and COOPER ELECTRIC SUPPLY CO.,         :
                                                      :
                          Defendants.      :
                                                       :
--------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff John R. Clark has moved for preliminary approval of a class settlement, which would resolve his claim that Defendant CooperFriedman Electric Supply Co., Inc. d/b/a Cooper Power Systems[1] failed to timely pay wages, in violation of New York Labor Law ("NYLL") Section 191, on a class-wide basis. Defendants have not opposed the motion. For reasons that follow, the Court grants preliminary approval of the class settlement, certifies the class for settlement purposes, approves Plaintiff's proposed notice and authorizes distribution of the notice package, appoints Plaintiff's counsel as class counsel, and implements the procedure set forth in the parties' settlement stipulation.

       1.      Based upon the Court's review of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class Settlement, Dkt. 57, the Declaration of Brent

---

[1] Defendant has represented to the Court and counsel that this is the only properly named defendant and that "Cooper Electric Supply Co." is another d/b/a name for CooperFriedman Electric Supply Co., Inc.

E. Pelton, Dkt. 56 ("Pelton Decl."), and all filings in this case, the Court grants preliminary approval of the settlement as memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Pelton Declaration as Exhibit B.[2] The Court finds on a preliminary basis that the Settlement Agreement is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the Class Members.

5. The Court finds that the Settlement Agreement is the result of arms-length negotiations by counsel well-versed in the prosecution of wage-and-hour class and collective actions. The Court notes that the assistance of a private mediator with settlement negotiations, followed by weeks of continued discussions with counsel, reinforces the non-collusive nature of the settlement. The Court also finds that the relief provided for in the Settlement Agreement appears to be fair and adequate, taking into account the costs, risks and delay of further litigation and trial. The Settlement Agreement also provides for the parties and the Settlement Administrator to take reasonable measures to locate Class Members, such that distribution appears likely to occur in a fair fashion. The attorneys' fee provision of the Settlement Agreement appears at this stage to be fair, and in any event the Court will review Plaintiff's application for attorneys' fee in greater detail when Plaintiff moves for final approval of the settlement.

6. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies a Settlement Class consisting of all workers employed by Cooper as "Manual Workers" (as that term is defined in the NYLL) within the State of New York at any time from January 16, 2017 through the date of this Order.

7. Defendant has agreed not to contest, for the purpose of achieving settlement only,

---

[2] Capitalized terms in this Order that are not otherwise defined have the meaning ascribed in the Settlement Agreement.

that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met. On that basis, Plaintiff and the proposed class appear to meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification, Plaintiff has demonstrated that the Settlement Class is ascertainable, joinder is impracticable, Plaintiff and the Settlement Class members share common issues of fact and law, Plaintiff's claim for untimely wage payment damages arise from the same factual and legal circumstances that form the bases of the Settlement Class members' claims, Plaintiff's interests are not antagonistic or at odds with the Settlement Class members, Plaintiff's counsel are experienced employment litigators with substantial experience handling large scale wage-and-hour class and collective actions, and common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members.

8. The Court finds that the Plaintiff is an adequate Class Representative, based on his efforts in prosecuting this action and the absence of conflicts between the Plaintiff and the Class Members.

9. The Court appoints Plaintiff's counsel, Pelton Graham LLC, as Class Counsel because they meet the requirements of Rule 23(g).

10. The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Notice") attached to the June 9, 2025 letter from Taylor B. Graham as Exhibit A, Dkt. 61-1, subject to any corrections of typographical errors and modifications to reflect the date of this Order and corresponding deadlines. The Court finds that the content of the Proposed Notice fully complies with due process and Rule 23, and that the Proposed Notice would adequately put Class Members on notice of the proposed settlement.

11. As provided in the Settlement Agreement, the parties propose to disseminate the

Notice Package by first-class mail to Class Members. The Court finds that this method of disseminating the Notice Package is the best notice practicable under the circumstances and meets the requirements of federal law.

12. Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a class action under Rule 23, (b) that any party has prevailed in this case, or (c) that Defendant or others have engaged in any wrongdoing.

13. In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect of failure to obtain final approval.

14. Each time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

15. Upon final approval of the settlement, all Class Members who do not opt out of the settlement shall be and are enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court or administrative agency based on putative violations of the NYLL that arose or relate in any way to any Class Members' timely payment of wages for their employment by and/or work for Defendant as manual workers, including any and all claims that have been asserted or could have been asserted in this action.

16. Upon final approval of the settlement, all Class Members who do not timely opt-

out of the Settlement (the "Participating Class Members") shall be deemed to fully, finally, and forever completely settle, compromise, release, and discharge Defendant from any and all claims for that arose or relate in any way to any Participating Class Members' timely payment of wages for their employment by and/or work for Defendant as manual workers, under New York State and/or local law

17. With the exception of the deadlines set forth herein and necessary for the administration of the Settlement, all case management deadlines in this case are stayed pending the fairness hearing.

18. The Court adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements:

    a. Within five (5) calendar days of the issuance of the Preliminary Approval Order, Defendant will provide the Settlement Administrator a list of all Class Members containing names, last known addresses, and, if known, telephone numbers and e-mail addresses. Defendant will also provide the Settlement Administrator with Class Members' payroll data, as necessary to effectuate the Agreement. (Together, the "Class List.")

    b. Within fourteen (14) days of receiving the Class List from Defendant, the Settlement Administrator shall calculate each Class Member's Estimated Settlement Payment. Class Counsel and Defendant's counsel shall have eight (8) calendar days to review, verify, and comment on the calculations provided by the Settlement Administrator.

    c. With thirty-five (35) days of the date of the Preliminary Approval Order, the Settlement Administrator shall mail to all Class Members, via First Class United States Mail, the Notice Package.

    d. Class Members will have thirty (30) days after the Settlement Administrator's mailing of the Notice Package to submit an objection to the Settlement.

  e. Class Members will have sixty (60) days after the Settlement Administrator's mailing of the Notice Package to submit an opt-out statement.

  f. The Court will hold a final fairness hearing on October 6, 2025, at 10:00 a.m. in Courtroom 12D of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.

  g. No later than fifteen (15) days prior to the fairness hearing, Plaintiff will prepare and file a Motion for Final Approval of the Settlement, which shall also seek the payment of attorneys' fees and costs, settlement claims administration costs and service awards.

  h. Defendants shall transfer the full payment of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) to the Settlement Administrator no later than thirty-five (35) days after the Court's Final Approval Order and Judgment (the "Effective Date").

  i. The Settlement Administrator shall mail the settlement payments to Plaintiff, Participating Class Members, and Class Counsel within twenty (20) days of the Effective Date.

The Clerk of Court is respectfully directed to terminate the motions pending at Docket Number 55.

  SO ORDERED.

Dated: June 10, 2025
   New York, New York

                 _____
                   JOHN P. CRONAN
                 United States District Judge